**Dritan GASHI, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 06–0309–ag.

United States Court of Appeals,
Second Circuit.

May 15, 2007.

Sam Gjoni, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney, Delora L. Kennebrew, Assistant United States Attorney, Southern District of Georgia, Savannah, GA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Dritan Gashi, a native of the former Yugoslavia, seeks review of a December

27, 2005, order of the BIA affirming the August 20, 2004, decision of Immigration Judge ("IJ") Annette S. Elstein denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Dritan Gashi,* No. A 78 689 299 (B.I.A. Dec. 27, 2005), *aff'g* No. A 78 689 299 (Immig. Ct. N.Y. City Aug. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). Particular deference is given to the trier of fact's assessment of demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73–74. We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

The IJ found that even if Gashi had established past persecution, "there has been such a change in circumstances in his homeland that the Court would be compelled to deny him both asylum and withholding." This finding was supported by substantial evidence. The IJ properly relied on the U.S. Department of State Country Report on Human Rights Practices in Serbia and Montenegro—2003 ("Report"), to find that Kosovo was independently overseen by the United Nations, with its own assembly and prime minister. The IJ's reliance on the Report was prop-

er, as we have held that these reports are probative, *see Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006), and Gashi has presented no evidence to refute the Report's findings.

The IJ's finding of changed country conditions was also supported by other evidence. Gashi testified that many of his family members remain in Kosovo, including his mother, and that the Serbian police have not harassed his mother since she returned from Albania. Sevdi, Gashi's own witness, indicated that the Serbian police were no longer in Kosovo, and that Gashi would not suffer any harm if returned there due to his status as an Albanian Muslim.

The BIA drew upon these findings, as well as the changed conditions in Serbia–Montenegro, to conclude that Gashi failed to meet his burden of establishing either past persecution or a well-founded fear of persecution. Because no reasonable factfinder would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B), the agency's conclusion is supported by substantial evidence.

Gashi did not offer an independent basis for his fear of persecution upon return to Kosovo apart from his claim for asylum. Because he was unable to show the objective likelihood of persecution needed to make out his asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, Gashi only devotes a single conclusory sentence to his argument that he is entitled to CAT relief. His petition for review of the IJ's finding on this claim is deemed waived and we will not consider it. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review the pending motion for a

stay of removal in this petition is DISMISSED as moot.